**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **REGINALD DAVIS,** | ) | **CASE NO. 4:17 CV 1283** |
| | ) | |
| Petitioner, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | <u>**MEMORANDUM OF OPINION**</u> |
| **C. LAROSE,** *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* Petitioner Reginald Davis filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently being detained in the Northeast Ohio Correctional Center ("NEOCC") pending trial in the United States District Court for the Western District of Pennsylvania on charges of possession with intent to distribute and distribution of carfentanil resulting in serious bodily injury or death and possession with intent to distribute and distribution of carfentanil. In his Petition, he challenges his indictment, and the grand jury procedures. He seeks discharge from detention and dismissal of the charges.

Petitioner also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

**Factual and Procedural Background**

Petitioner was indicted on March 21, 2017 in the United States District Court for the Western District of Pennsylvania on charges that he sold heroin laced with carfentanil, which caused the death of a twenty-one-year-old male and severe injury to a seventeen-year-old female. The charges

are still pending.

Petitioner asserts eight grounds for habeas relief. First, he contends the indictment is duplicitous because it charges both possession with intent to distribute and distribution of carfentanil in the same count. Second, he contends the Magistrate did not affix his seal to the criminal complaint, depriving the Court of subject matter jurisdiction. Third, he claims the warrant was not returned to the Magistrate, depriving the Court of subject matter jurisdiction. Fourth, he claims the Magistrate lacked jurisdiction to accept a plea in a felony case. Fifth, he contends he was not given the opportunity to challenge the grand jurors and was not made aware of the grand jury investigation until after his indictment. Sixth, he asserts the indictment was not returned in open court and transcripts of the proceedings have not been provided to him. Seventh, he asserts the grand jury foreman did not file a letter or Certificate of Concurrence of the Indictment with the Clerk of Courts depriving the Court of subject matter jurisdiction. Finally, Petitioner contends he was not provided with a preliminary hearing to determine probable cause.

**Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such

disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding District Courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

**Analysis**

To be eligible for habeas corpus relief under § 2241 as a federal pretrial detainee, Petitioner is required to first exhaust available remedies. *See, e.g., Jones v. Perkins,* 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States,* 199 U.S. 547, 550-51(1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Fassler v. United States,* 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (stating that Defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito,* 861 F.2d 1006, 1009 (7th Cir. 1987) (same). There is no allegation or suggestion that petitioner exhausted his remedies.

Moreover, even if Petitioner had exhausted his remedies, the nature of his claims still precludes this Court's review. Just as where the Court should abstain when a state pretrial detainee raises habeas claims which would be dispositive of the underlying criminal charges, federal court efficiency and administration principles dictate that this Court decline to review claims which would dispose of an underlying criminal action pending in another District Court until the Petitioner has exhausted the claims at his upcoming criminal trial. *Braden v. 30th Judicial Circuit Court,* 410 U.S.

484, 489 (1973); *Dickerson v. Louisiana,* 816 F.2d 220, 225-26 (5th Cir.), *cert. denied,* 484 U.S. 956(1987). In this case, Petitioner challenges his indictment and contends the Western District of Pennsylvania lacks subject matter jurisdiction over him. Such claims, if successful, would obviously dispose of the underlying federal criminal charges. At this stage, Petitioner's claims may be exhausted by raising them at the pending criminal trial and then, if necessary, on direct appeal.

## Conclusion

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/Donald C. Nugent
      DONALD C. NUGENT
      UNITED STATES DISTRICT JUDGE

Dated: _December 11, 2017___